IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME MCINTYRE, JR.<br>*Petitioner-pro se* | : | CIVIL ACTION |
| | : | |
| | : | NO. 14-7261 |
| v. | : | |
| | : | |
| STEPHEN E. GLUNT, *et al.*<br>*Respondents* | : | |
| | : | |

# O R D E R

**AND NOW**, this 25th day of March 2015, upon careful and independent consideration of the petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254, and a review of the Report and Recommendation submitted by United States Magistrate Judge Lynn A. Sitarski, it is hereby **ORDERED** that:

1. the Petitioner's objections to the Report and Recommendation are **OVERRULED**, in part;
2. the Report and Recommendation is **APPROVED** and **ADOPTED**, in part;
3. the Petitioner's request for a stay and abeyance is **GRANTED**;
4. this *habeas corpus* action is **STAYED** and **HELD IN ABEYANCE** until resolution of the pending related state court proceedings;[1]

---

[1] In the Report and Recommendation (R&R), Magistrate Judge Sitarski recommends the dismissal of Petitioner's petition for a writ of *habeas corpus*, without prejudice, because the claims asserted therein are the same claims contained in Petitioner's petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA") currently pending before the Philadelphia Court of Common Pleas and have, therefore, not been exhausted. [ECF 3]. In the objections to the R&R, Petitioner admits that his "PCRA [petition] is still pending" in state court, but argues that because the state courts are taking so long to adjudicate his claims, he should be deemed to have met the exhaustion requirement.

The Third Circuit Court of Appeals has held, however, that "our case law forecloses a District Court from excusing exhaustion 'unless state law clearly forecloses state court review of claims which have not previously been presented to a state court.'" *Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir. 2001) (citations omitted). Petitioner has presented no evidence or colorable argument that the state court has been or will be ineffective in reviewing his claims. Accordingly, this Court adopts the R&R finding that Petitioner has not fully exhausted all of his claims.

5. the Petitioner and Respondents shall continue to monitor the state court proceedings and report to this Court the conclusion of said proceedings; and

6. there is no basis to issue a certificate of appealability.

**BY THE COURT:**

_____
NITZA I. QUIÑONES ALEJANDRO, J.

---

In addition, Petitioner objects to the recommendation that this Court dismiss his petition and contends, instead, that the petition should be stayed and held in abeyance while he fully exhausts his pending claims. Generally, a petitioner's request for a stay and abeyance is granted where a petitioner has filed a mixed petition within the federal statute's one-year limitations period. A "stay and abeyance" protects a petitioner who has filed a timely federal *habeas* petition from missing the federal statute of limitations while satisfying the exhaustion requirements. *See Rhines v. Weber*, 544 U.S. 269 (2005). This procedure also protects the concerns of both comity and finality by giving the state courts the first opportunity to address any unexhausted claims. *Id*. at 278. A court should stay, rather than dismiss, a petition when a petitioner exhibits "good cause for his failure to exhaust [the claims in the federal petition that were not yet exhausted], his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. That is, a court should stay disposition as to exhausted claims contained in the petition and hold the petition in abeyance while petitioner completes the exhaustion process. *Id*. The holding in *Rhines* is not limited to only mixed petitions. *See Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009) (wherein the court noted that "[t]he full range of circumstances in which a *habeas* petitioner is eligible for stay-and-abeyance is not yet clear," and that a petition may merit a stay "even where only unexhausted claims are at issue.").

Here, although this Court lacks the state court record to confirm whether the instant *habeas* petition is a mixed petition, the procedural posture of the case suggests the likelihood that the *habeas* petition contains both exhausted and unexhausted claims, since Petitioner completed a direct appeal of his conviction and, subsequently, filed his still-pending PCRA petition. In the absence of the state court record, this Court is unable to review the merits of Petitioner's *habeas* claims and cannot determine whether all or some of these claims are potentially meritorious. However, since it appears that Petitioner filed a timely PCRA petition, he should be permitted to pursue collateral review under state statute without running the risk that the federal *habeas* statute of limitations would, in the interim, expire. Petitioner has good cause for having filed this *habeas* petition in order to protect against the limitations bar while exhausting his state court remedies. The procedural history suggests that Petitioner has been diligent in pursuing his state court remedies. Under the circumstances, Petitioner's request that this *habeas* proceeding be stayed and held in abeyance until the completion of the pending related state court proceedings is granted.